IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2018

## STATE OF TENNESSEE v. CHRISTOPHER M. MULLINS

**Appeal from the Criminal Court for Sullivan County**
**No. S61123      R. Jerry Beck, Judge**

_____

#### No. E2017-01087-CCA-R3-CD
_____

The defendant, Christopher M. Mullins, appeals the revocation of the six-year probationary sentence imposed for his 2013 conviction of manufacturing .5 grams or more of methamphetamine, arguing that the trial court erred by ordering that he serve the balance of his sentence in confinement.  Discerning no error, we affirm.

#### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

M. Tyler Harrison, Blountville, Tennessee, for the appellant, Christopher M. Mullins.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Barry P. Staubus, District Attorney General; and P. Michael Filetti, Assistant District Attorney General, for the appellee, State of Tennessee.

#### OPINION

On May 2, 2013, the defendant pleaded guilty to a single count of manufacturing methamphetamine, a Class C felony, in exchange for a sentence of six years' supervised probation.  On August 10, 2016, a probation violation warrant issued alleging that the defendant violated the terms of his sentence by failing to reside at the John R. Hay House ("Hay House") as directed.

At the May 12, 2017 revocation hearing, the defendant pleaded guilty to the violation and agreed to the facts as alleged in the probation violation warrant:  "On or about 07/29/16, the Offender left the facility without permission and failed to return.  The Offender's whereabouts are unknown.  The Offender is considered absconded f[ro]m supervision."

The defendant admitted that he had two felony convictions from Hawkins County in addition to the felony conviction in this case. He also acknowledged that he had several misdemeanor convictions. The defendant testified that he had three minor daughters ages 14, 12, and nine and that he shared custody of the children with his estranged wife when he was not in jail.

The defendant testified that while he was at the Hay House, he received a telephone call from his daughter who told him that his six-month-old granddaughter "had to go to Shriner's to have open heart surgery" and that she had passed away. The defendant said that he told a man at Hay House named Mayo "what was going on" and then left. The defendant claimed that his son was killed in a car accident "on his way down" to the granddaughter's funeral. The defendant said that after he learned of the death of his son, he "just kindly went crazy and ballistic, started drinking, doing pills. . . . And just kindly lost [his] mind." He acknowledged that he did not return to Hay House. He also conceded that while he was absent from Hay House he acquired new charges of theft of property valued at $1,000 or less and criminal trespassing. The defendant asked the trial court for "a second chance to go back to the Hay House and do this right."

During cross-examination, the defendant admitted that following release on probation, he had acquired a new charge of driving on a revoked or suspended license that led to his probation's being revoked. After his probation was revoked the first time, the defendant's probationary term was reinstated and he was ordered to reside in the Hay House. The defendant acknowledged that he spent less than eight days in Hay House before he left. He also conceded that he did not turn himself in on the violation warrant that was issued in this case but that he was transferred to Sullivan County after he was arrested on new charges in Hawkins County.

At the conclusion of the hearing, the trial court noted that the defendant had a long criminal history as well as a long history of drug addiction. The court stated that he ordered the defendant to go to Hay House to receive drug treatment. The court expressed sympathy that the defendant lost two close family members in close succession but stated that the defendant had "reached the end of the road in the sense" that he could not be trusted with a sentence involving release in the community. The court expressed particular concern that the defendant had continued to drive while on probation despite that he did not have a driver's license and despite that he continued to use drugs. The trial court ordered the defendant to serve the balance of his six-year sentence in confinement.

In this appeal, the defendant contends that the trial court erred by ordering that he serve his sentence in confinement.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

Given that the defendant admitted that he violated the terms of his probationary sentence by absconding from Hay House, the record evinces an adequate basis for revocation. Additionally, although the defendant argues that the deaths of his granddaughter and son in close succession led him to leave Hay House without permission and drove him to use drugs and alcohol, which, in turn, prevented him from complying with the terms of his probation, a finding of "willfulness in regard to the failure to adhere to the other terms of his probation" is not required. *See State v. Roxann Lee Cruse,* No. W2016-00119-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, Feb. 6, 2017); *State v. Bobby Ray Graves, Jr.*, No. M2015-00619-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Nashville, October 30, 2015); *State v. Herman Majors, Jr.*, No. M2009-02087-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Aug. 19, 2010). Under these circumstances, the trial court did not abuse its discretion by revoking the defendant's probation and ordering that he serve the balance of his sentence in confinement.

_____
JAMES CURWOOD WITT, JR., JUDGE